IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE L. WHEELER, JR.<br>853 Camden Avenue<br>Columbus, Ohio 43201 | : <br> : <br> : <br> : | Case No. 2:19-cv-2812 |
| Plaintiff, | : <br> : | Judge_____ |
| v. | : <br> : | |
| USABLE LIFE<br>C/O S/A CT CORPORATION SYSTEM<br>1300 East Ninth Street<br>Cleveland, Ohio 44114, | : <br> : <br> : <br> : <br> : | Magistrate Judge_____ |
| Defendant. | : <br> : | |

## COMPLAINT

For his Complaint against the Defendant, USAble Life, the Plaintiff, George L. Wheeler, Jr., by and through counsel, states as follows:

### Parties

1. The Plaintiff, George L. Wheeler, Jr. ("Wheeler"), was, at all relevant times, an employee of Metropolitan Trucking, Incorporated ("Metropolitan") and a participant in an employee welfare benefit plan ("Plan") established and maintained by Metropolitan under the provisions of the Employee Retirement Income Security Act ("ERISA") for the purpose, *inter alia*, of providing disability benefits to its employees.

2. The Defendant, USAble Life ("USAble") is the insurer of the Plan's disability benefits that are at issue in this case.

3. USAble administered the Plan and made the decision of whether to admit or deny Wheeler's claim for disability benefits.  USAble, therefore, is the real party in interest with respect to this claim.

## Jurisdiction and Venue

4. The Plaintiff's claim arises under ERISA.  Jurisdiction is predicated on 29 U.S.C. § 1132.

5. 29 U.S.C. § 1132(e)(2) provides that venue is proper in any district where the defendant resides or may be found.

6. USAble provided a policy of disability insurance to Metropolitan and its employees, including Wheeler, who resides in Franklin County, Ohio.

7. Through information and belief, Defendant USAble has continuous and systematic contact within Franklin County, Ohio.

8. Through information and belief, Defendant USAble has substantial contact within Franklin County, Ohio.

9. Defendant USAble's minimum contacts within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division, renders venue in this Court proper.

## Facts Common to All Claims

10. As an employee of Metropolitan, Wheeler is and was at relevant times eligible for short-term disability benefits under the Plan.

11. Beginning on or about May 8, 2018, Wheeler temporarily left his employment with Metropolitan for a subsequent period of less than 30 days.

12. Pursuant to the terms of the Plan, a waiting period does not apply to an employee if an employee was insured under the policy and his insurance terminated due to termination of employment or eligibility, and he again becomes an eligible employee within 30 days.

13. Pursuant to the terms of the Plan, benefits pursuant to the Plan will not be paid for any period of disability arising from a pre-existing condition which begins during the first year an employee is insured by the plan or which begins during the first year following the date of an increase in coverage.

14. Wheeler first became insured by the Plan by virtue of becoming an employee of Metropolitan on or about January 26, 2017.

15. Wheeler went to the emergency room beginning on or about October 11, 2018 and remained hospitalized through October 27, 2018.

16. Due to a number of physical ailments and disability, Wheeler was unable to return to work at Metropolitan.

17. Wheeler timely applied to USAble for short-term disability benefits.

18. Wheeler was denied for short-term disability benefits by USAble on January 9, 2019.

19. Wheeler subsequently timely appealed the decision of USAble to deny his application for short-term disability benefits.

20. On March 6, 2019, USAble denied Wheeler's appeal for the reason that his coverage was denied due to a pre-existing condition exclusion, noting that Wheeler was treated for diabetes between May 1 and July 31, 2018, and that diabetes was a related condition to Wheeler's subsequent hospitalization for pneumonia, among other ailments.

21. Wheeler subsequently timely appealed the decision of USAble to deny his appeal for short-term disability benefits.

22. On April 26, 2019, USAble again denied Wheeler's second appeal for short-term disability benefits for the reason that "because your disability began during the first year you were/are insured under the policy, and because it resulted from or was related to a condition(s) for which you received treatment within 90 days prior to your Effective date, no benefits are payable on this claim."

23. In the April 26, 2019 denial of Wheeler's claim, USAble again claimed that because Wheeler was treated for diabetes during the pre-existing review period of May 1, 2018 to August 1, 2018, that Wheeler's subsequent October hospitalization for pneumonia was "treatment for the same or related condition within 90 days prior to your effective date[.]"

24. The April 26, 2019 denial letter claims that USAble's denial of Wheeler's claim was "not based on any medical judgment.  No medical professional's input was relied upon in denying your claim."  Yet, USAble claimed that the reason for denial was that treatment for diabetes was related to a later hospitalization for pneumonia, which hospitalization was the triggering event for Wheeler's application for short-term disability benefits with USAble.

25. Wheeler has exhausted his administrative remedies.

## Count I - For Benefits

26. The foregoing allegations are incorporated by reference as if fully rewritten herein.

27. Wheeler brings this claim under 29 U.S.C. § 1132 and seeks a determination of his right to disability benefits and an award of those benefits.

28. Wheeler was at all relevant times disabled under the terms of the Plan, and he is entitled to an award of short-term disability benefits for the duration of the period that he was out of work due to his disability.

29. USAble's decision denying Wheeler's claim was arbitrary and capricious, erroneous, and/or in breach of contract because, *inter alia*, it denied Wheeler's claim based on an assessment that Wheeler's diabetes was somehow a related pre-existing condition of pneumonia and then in that denial stated that the denial was not based on any medical judgment, it ignored the opinions of Wheeler's physicians, did not follow USAble's own procedures for handling the determination of benefits and the appeal of Wheeler's disability claim denial, did not consider all of the documentation provided by Wheeler for his claim denial appeal, and assessed Wheeler's eligibility for benefits based off of an unsound reasoning process that was not supported by substantial evidence.
30. Wheeler is entitled to an award of benefits.

WHEREFORE, the Plaintiff, George L. Wheeler, Jr., demands judgment in his favor and against the Defendant, USAble Life, as follows:

A. A determination that Wheeler is disabled and entitled to benefits;
B. An award of benefits, in a single lump sum, representing the amount of benefits that USAble should have paid between the first date disability benefits were payable through and the last date of Wheeler's eligibility for short-term disability payments;
C. Pre-judgment and post-judgment interest;
D. Attorney's fees and the costs of this action; and
E. Such other and further relief as the Court determines to be equitable and just.

Respectfully Submitted,

/s/ Evan T. Engler
Evan T. Engler (0092450)
Trial Attorney

Harris & Engler, Attorneys at Law  
30 Northwoods Blvd., Suite 350  
Columbus, Ohio 43235  
(614) 610-9988 - phone  
(614) 430-8890 - fax  
evan@harrisengler.com